Alexander G. Malyshev
Jacob H. Nemon
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
Tel. (212) 732-3200
Fax: (212) 732-3232
*Attorneys for Axos Bank, a federally chartered saving bank,*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AXOS BANK, a federally chartered savings bank,<br><br>                              Plaintiff,<br><br>           v.<br><br>64-03 REALTY LLC, WING FUNG CHAU, and WENDY CHAU,<br><br>                              Defendants. | Civ. No. _____<br><br>**ECF CASE**<br><br>**COMPLAINT** |

Plaintiff Axos Bank, a federally chartered savings bank, formerly known as BofI Federal Bank ("Axos" or "Lender"), complains and alleges as follows:

## STATEMENT OF THE ACTION

1.      Plaintiff brings this action due to a default under a certain Business Promissory Note and Security Agreement ("**Note**") and Continuing Guaranty, Personal (Unlimited) ("**Guaranty**").

2.      Plaintiff is the current owner of the electronically signed Note and is in possession and has control of the authoritative copy of the Note.

## THE PARTIES

3.      Axos is and, at all times mentioned herein, was a federally chartered savings bank with its principal place of business located at 4350 La Jolla Village Drive, San Diego, California

1

92122.  The loan at issue was originated out of its Nevada branch, located at 9205 West Russell Road, Suite 400, Las Vegas, NV.

4.   Defendant 64-03 Realty LLC ("64-03" or "Borrower") is a New York limited liability company, with its principal place of business located at 64-05 Woodside Ave, Woodside, New York, 11377.

5.   On information and belief Defendant Wing Fung Chau ("Wing" or "Guarantor 1") is an individual residing at 3237 214th Pl., Bayside, NY 11361.

6.   On information and belief Defendant Wendy Chau ("Wendy" or "Guarantor 2") is an individual residing at 64-05 Woodside Avenue, Unit 2D, Woodside NY 11377.

## JURISDICTION AND VENUE

7.   The Court has jurisdiction over this action under 28 U.S.C. §1332(a)(1), because there is complete diversity between Plaintiff and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because the defendants are residents of the district.

8.   For purposes of diversity jurisdiction, pursuant to 12 U.S.C. § 1464(x), Plaintiff Axos is a citizen of California.

9.   For the purposes of diversity jurisdiction the Defendants are all citizens of New York.  Defendant 64-03 Realty LLC is a New York limited liability company.  Defendants Wing Fung Chau and Wendy Chau are the members of Defendant 64-03 Realty LLC, and are residents of the state of New York.

## FACTUAL ALLEGATIONS

10.   On or about December 18, 2019, Lender and Borrower entered into a Business Promissory Note and Security Agreement in the amount of Two Million dollars ($2,000,000.00)

, pursuant to which Lender loaned monies to Borrower to be used for its business.  The Note is governed by Federal Law Applicable to an FDIC insured institution and to the extent not preempted by federal law, the laws of the State of Nevada.

11.     In order to further secure Borrower's obligation under the Note, on or about December 18, 2019, the Guarantors duly executed, acknowledged and delivered a Guaranty.  Through the execution and delivery of the Guaranty, the Guarantors jointly and severally personally guaranteed the payment and performance of Borrower's obligations under the Note.

12.     Borrower and Mortgagor failed to make payment under the Note and Guaranty beginning on or about May 29, 2020 ("**Default Date**") and continuing each day thereafter (the "**Default**").  Borrower and Guarantors were notified of the Default in writing.

13.     Despite Plaintiff's notice to Borrower and Mortgagor of the Default under the Note, Borrower and Guarantors have failed to cure the Default to date.

14.     The balance due under the Note and Guaranty, as of August 6, 2020, is the principal amount of $2,000,000.00, plus interest in the amount of $151,327.40, and NSF fees of $280.00, prepayment premium of $1,028,901.41, and other costs and expenses, including attorneys' fees (together, the "**Amounts Due and Owing**"). The exact amounts due and owing will be computed by a Referee or other court appointed representative.

**AS AND FOR THE FIRST CAUSE OF ACTION AGAINST BORROWER**
**(Action to Enforce the Note)**

15.     Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

16.     The Note is enforceable commercial paper, duly executed, acknowledged and delivered by Borrower as evidence of an indebtedness, pursuant to which Borrower promised to repay a loan in accordance with the terms of the Note.

17.     Plaintiff is the current holder of the Note.

18. Borrower failed to make payments under the Note and has defaulted under the terms of the Note.

19. The Amounts Due and Owing under the Note (including interest, NSF fees and prepayment premium) are as set forth above, which amounts exclude other costs and expenses, including attorneys' fees, as permitted by the Note.

20. The exact amounts due and owing should be computed by the Court or a referee or other court appointed representative.

**AS AND FOR THE SECOND CAUSE OF ACTION AGAINST**
**THE GUARANTORS**
**(Action on a Personal Guaranty)**

21. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

22. As additional security for the Note, Guarantors executed, acknowledged and delivered the Guaranty, which provided a joint and several unconditional and irrevocable guaranty of all obligations under the Note, including to make prompt payment when the amounts due under the Note were payable or accelerated.

23. Borrower failed to make payments under the Note and has defaulted under the terms of the Note.

24. Plaintiff demanded that Guarantors make payments due under the Note but such demands were refused.

25. The exact amounts due and owing should be computed by the Court or a referee or other court appointed representative.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS BORROWER**
**AND GUARANTORS**
**(Attorneys' Fees)**

26. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

9711174.2

27. The Note and the Guaranty provide that in the event of a default, each of the Borrower and Guarantors would be obligated, jointly and severally, to pay plaintiff's reasonable attorneys' fees and costs in the pursuit of and enforcement of plaintiff's rights under the Loan Documents.

28. As a result of the default of defendant Borrower, the Court should award Plaintiff reasonable attorneys' fees and costs incurred in the prosecution of this action, in an amount to be determined.

**WHEREFORE**, Plaintiff demands judgment over and against Defendants as follows:

a. On the First Cause of Action against Borrower:

   i. An award of the principal amount outstanding of $2,000,000.00 plus interest in the amount of $151,327.40 as of August 6, 2020 plus pre-judgment interest at the rate of .098630136986% per day from August 7, 2020 through the entry of judgment;

   ii. NSF fees of $280.00;

   iii. Prepayment premium of $1,028,901.41, plus prejudgment interest at the statutory rate from August 7, 2020 through the entry of judgment; and

   iv. Attorneys' fees, costs and disbursement in an amount to be determined;

b. On the Second Cause of Action against Guarantors:

   i. An award of the principal amount outstanding of $2,000,000.00 plus interest in the amount of $151,327.40 as of August 6, 2020 plus pre-judgment interest at the rate of .098630136986% per day from August 7,2020 through the entry of judgment;

   ii. NSF fees of $280.00;

9711174.2

   iii. Prepayment premium of $1,028,901.41, plus prejudgment interest at the statutory rate from August 7, 2020 through the entry of judgment; and

   iv. Attorneys' fees, costs and disbursement in an amount to be determined

 c. On the Third Cause of Action against Borrower and Guarantors, jointly and severally, an award of attorneys' fees in an amount to be determined;

 d. Together with such other and further relief as may be just and equitable.

9711174.2

Dated: New York, New York
       August 6, 2020

**CARTER LEDYARD & MILBURN LLP**

By _____
   Alexander G. Malyshev
   Jacob H. Nemon

Two Wall Street
New York, New York 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232
Email: malyshev@clm.com
         nemon@clm.com

*Attorneys for Axos Bank, a federally chartered saving bank,*

9711174.2